*Compiler of Law*

SUPERIOR COURT
OF GUAM

2012 NOV 29 PM 4: 01

## IN THE SUPERIOR COURT OF GUAM

CONRAD SHEFF, M.D.,

                  Petitioner,

        v.

GUAM MEMORIAL HOSPITAL
AUTHORITY, THE GMHA BOARD OF
TRUSTEES, and THE GMHA MEDICAL
EXECUTIVE COMMITTEE,

                  Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

SPECIAL PROCEEDINGS CASE NO.
SP0186-11

**DECISION AND ORDER**

## INTRODUCTION

This matter has not yet come before the Honorable Arthur R. Barcinas for hearing on the "Petition for Alternative Writ of Mandamus." Nevertheless, the Court now issues the following Decision and Order on the petition presented without hearing.

## DISCUSSION

As correctly noted by the Petitioner, a writ of mandamus may be issued by any court:

> to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

7 GCA § 31201 (2012).

And further, that a writ of mandamus "must be issued on the verified petition of the party beneficially interested." 7 GCA § 31204 (2012).

However, in filing this Petition, the Petitioner has overlooked the difference between a *peremptory* writ of mandamus and an *alternative* writ of mandamus. Petitioner has requested only the issuance of an "*Alternative Writ of Mandate* . . .compelling Respondents to reinstate Petitioner's operating room privileges and privileges to practice medicine in the Surgery Department at GMHA, or to show cause before this Court, at a date, time and place specified by a Court order, why Respondents have failed to do so." Sheff v. GMHA et al, SP0186-11, Pet. for Alt. Writ of Mandamus, p. 7, Prayer 1 (filed October 27, 2011) (emphasis added). Petitioner has *not* requested the issuance of a peremptory writ of mandamus.

"The writ may be either alternative or peremptory." 7 GCA § 31204. "Peremptory" means "Final; absolute; conclusive; incontrovertible." BLACK'S LAW DICTIONARY, peremptory (9th ed. 2009). "[A]lternative mandamus" is "[a] writ issued upon the first application for relief, commanding the defendant either to perform the act demanded or to appear before the court at a specified time to show cause for not performing it." BLACK'S LAW DICTIONARY, alternative mandamus (9th ed. 2009). In comparison, "peremptory mandamus" is "[a]n absolute and unqualified command to the defendant to do the act in question. • It is issued when the defendant defaults on, or fails to show sufficient cause in answer to, an alternative mandamus." BLACK'S LAW DICTIONARY, peremptory mandamus (9th ed. 2009).

The alternative writ of mandamus is merely an order to show cause. 7 GCA § 31204. The peremptory writ of mandamus is the final writ which issues to compel a party to do or refrain from doing a certain act. 7 GCA § 31204. Guam's statutes specifically distinguish between the two. The peremptory writ of mandamus cannot be granted by default or without

notice. 7 GCA § 31205. In contrast, without granting the peremptory writ itself, the Court may summarily grant an alternative writ of mandamus and command the adverse party "to show cause before the court at a specified time and place . . . ." 7 GCA § 31204. In fact, when an application for a peremptory writ of mandamus "is made to the court without notice to the adverse party, and the writ is allowed, *the alternative must be first issued* . . . ." 7 GCA § 31205 (emphasis added). Once either the notice of the peremptory writ application or an alternative writ of mandamus has been served on the adverse party, the adverse party's time to answer begins to run, 7 GCA § 31206, and thereafter, the case "must be heard by the court, whether the adverse party appears or not." 7 GCA § 31205. After trial of the issue, "[i]f judgment be given for the applicant, . . . a *peremptory mandate* must [ ] be awarded without delay." 7 GCA § 31212 (2012) (emphasis added); *see also* 7 GCA § 31214 (2012) ("a peremptory mandate" issues to the inferior tribunal to direct and compel a required action).

Under this statutory scheme, it is apparent that any party ultimately seeking final mandamus relief to compel an inferior tribunal to act or refrain from acting must file a petition requesting the issuance of a "peremptory" writ of mandate. An "alternative" writ of mandate is merely the preemptive order to show cause, which automatically issues in the event that a petition for a peremptory writ of mandate has not been noticed to the respondent, and issues only to require an inferior tribunal or body to answer any allegations in a petition which requests the ultimate relief of the issuance of a peremptory writ of mandate.

The Petition filed does not request the ultimate issuance of a "writ of mandate" or a "peremptory writ of mandate," nor does it contain any language indicating such a request. The Petition requests only the issuance of an "Alternative Writ of Mandate." The Court might issue an alternative writ of mandamus and order the Respondent to show cause for the allegations in

the petition filed, but to what eventual end? Petitioner has failed to request the final relief of the issuance of a peremptory writ of mandate, which would thereby require hearing or trial of the ultimate issue concerning the acts of the Respondents. *See* 7 GCA §§ 31205, 31212 and 31214. As set forth in the Petition, no "peremptory" writ of mandate or "writ of mandate" is requested, and therefore, cannot ultimately be granted. In accordance with the finding that the issuance of a "peremptory" writ of mandate is the final relief which must be requested in any petition for a writ of mandate, the Court GRANTS LEAVE TO AMEND the Petition filed. Further, the Court notes that no verified or certified copy of the July 2, 2011 "Notice of Decision" suspending the Petitioner's privileges has been attached to the Petition for Alternative Writ of Mandamus, or to any filings, thus precluding review of the decision as of this time.

## CONCLUSION

After considering the contents of the Petition, the Court finds that the Petitioner has failed to request proper final relief in the form of a "peremptory" writ of mandamus. Based upon the foregoing, leave to amend the petition is GRANTED. Petitioner shall AMEND the Petition to request proper relief on or before ___DEC 2 0 2012___. If no amendment requesting final relief is made, the Court shall DISMISS the Petition for failure to request relief upon which the Court may enter a final order.

IT IS SO ORDERED this ___NOV 2 9 2012___.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

NOV 2 9 2012

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam